UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

Michael Barrett, IV, et al., )
)
Plaintiffs, )
)
v. ) Case No.: 2:11-cv-04242-NKL
)
Donald M. Claycomb, et al.; )
)
Defendants. )

## MOTION TO SET ASIDE
## EX PARTE TEMPORARY RESTRAINING ORDER MODIFICATION

**COMES NOW** Defendant Donald M. Claycomb, through his undersigned attorney (Kent Brown), appearing specially and for the limited purpose of contesting the Court's jurisdiction to award anything other than prospective, equitable relief and for the limited purpose of seeking relief from the results of an Ex Parte emergency hearing and moves the Court for an Order setting aside the results of the Ex Parte emergency hearing. In support of his Motion Defendant state as follows:

1. This Motion is filed on behalf of President Donald Claycomb because the other defendants have not yet returned their waivers. All Regents with the exception of Christopher T. Davidson, the former non-voting student Regent, are in the process of doing so.

2. This Court conducted an Ex Parte hearing with Plaintiff's counsel on Friday, September 23, 2011 at 4:48 pm and modified and extended the original Temporary Restraining Order. It is unclear why counsel for Defendant was not included

in the hearing. Plaintiff's counsel indicates he informed the Court of the undersigned's cell phone number. It is also unclear why Plaintiffs sought an emergency hearing at a time when they knew me to be unavailable and when the original Temporary Restraining Order did not expire for an additional five days.

Defendant is concerned that the language of the September 23, 2011, Minute Sheet seems to indicate defense counsel took some improper action to avoid a hearing on extending the Temporary Restraining Order. That is not the case. Despite being in a medical appointment, I was ready and willing to participate by cell phone. The details of the events Friday afternoon are recounted in the last paragraph of this Motion.

3. Regardless, now that Plaintiffs seek further extension of their modified Temporary Restraining Order, the results of that Ex Parte hearing should be set aside and all counsel should be allowed to participate in a new hearing regarding any proposed modification or extension of the Court's original Temporary Restraining Order.

4. As indicated to the Court, during the conference call on September 23, 2011, Defendants do not object to extending the original Temporary Restraining Order until the Preliminary Injunction Hearing on October 25, 2011. Defendants initially sought an agreement from Plaintiffs that might have saved some students from duplicate testing because of Federal or third- party testing requirements. Plaintiffs are adamant, however, that they will not agree to any modification which would allow any use of the results of the challenged testing. That is their right.

5. Following the conference with the Court on September 23, 2011, the attorneys for the Parties attempted to negotiate language to extend the previously entered Restraining Order until the Preliminary Injunction Hearing which is set for October 25, 2011. The undersigned was already late for a 4:00 pm doctor's appointment when it became obvious agreement was not possible. I informed Plaintiff's counsel that I would be unavailable for the remainder of the day and proceeded with the doctor's appointment. Shortly thereafter, my legal assistant contacted me at my doctor's office and informed me that Mr. Doty called saying they had filed an emergency motion and the Court wanted to do a telephone conference immediately and Mr. Doty had given the Court my cell phone number. My legal assistant told Mr. Doty I was in a doctor's appointment and she was unsure of my availability but would contact me after they finished their conversation. She immediately contacted me and let me know the conference call would be coming to my cell phone shortly. I subsequently discovered Mr. Doty had left a message on my cell phone voicemail regarding the motion and indicating the Court had my cell phone number and would call that number. No call from the Court was received at either my office or cell phone number. I was unable to work on Monday and most of the day Tuesday. Mr. Doty contacted my office and spoke with Annie Willis, another attorney working on the case, regarding another Motion to extend the Temporary Restraining Order until the date of the Preliminary Injunction Hearing. She attempted to negotiate acceptable language without success. She reiterated to Mr. Doty that we remained willing to accept an extension of the original Temporary Restraining Order until the date of the Preliminary Injunction Hearing.

WHEREFORE, Defendant, appearing specially and for the limited purpose of contesting the Court's jurisdiction to award anything other than prospective equitable relief and for the limited purpose of seeking relief from the results of an Ex Parte emergency hearing, prays that this Court enter an order setting aside the Ex Parte emergency modification of the Court's original Temporary Restraining Order and for any other relief this Court deems just and proper.

Respectfully submitted,
KENT L. BROWN, P.C.

Kent L. Brown   #38992
621 East McCarty Street, Ste A
Jefferson City, MO 65101
Telephone: (573) 635-4971
Facsimile: (866) 434-5576
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was sent via CM/ECF on this 28th day of September, 2011, addressed as follows:

Anthony E. Rothert
Grant R. Doty
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
Facsimile: (314) 652-3112
**Attorneys for Plaintiffs**

Jason D. Williamson
125 Broad Street, 18th Floor
New York, New York 10004
(212) 284-7340
Facsimile: (212) 549-2654
**Attorney for Plaintiffs**

Kent L. Brown