IN THE UNITED STATES COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ASHLEY MINTER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:11-cv-04242-NKL |
| | ) |
| DONALD CLAYCOMB, et al., | ) |
| | ) |
| Defendants. | ) |

## SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

COME NOW Defendants, Toni Schwartz, John Klebba, Diane Benetz, Mark Collom, Kenneth Miller and Erick Kern in their official capacity as Members of the Board of Regents of Linn State Technical College and Donald Claycomb in his official capacity as President of Linn State Technical College, appearing specially and for the limited purpose of contesting the Court's jurisdiction and power to grant any remedy other than prospective injunctive relief. In furtherance of that limited purpose, for their Suggestions in Opposition to Plaintiff's Motion for Class Certification, these Defendants state as follows:

Defendants suggest to the Court that it is too early in the process for the Court to take up Plaintiffs' Motion for Class Certification. The lawsuit was filed less than one month ago. No discovery has commenced. The Rule 26 Initial Disclosures are not due until Friday, October 7, 2011. Defendants have had no opportunity to investigate the facts relevant to the question of class certification and the appropriateness of the named Plaintiffs and attorneys as class representatives. Defendants do not even know the name of one of the *named* Plaintiffs and one original named Plaintiff, Ashley Minter, was

mysteriously omitted from the First Amended Complaint without explanation. Apparently, she, like Defendants learned she was a party to a federal lawsuit from the news media. Clearly, Ms. Minter would not have been an appropriate Plaintiff to represent the class of Plaintiffs sought to be certified because she didn't even want to be a Plaintiff herself. One Plaintiff has announced his intention to engage in criminal acts to the Court as a reason to proceed anonymously. One student has already requested his test results be released so he wouldn't have to pay for a new test required by his employer.

## ARGUMENT

Plaintiffs seek certification of a Class to include current and future students of Linn State Technical College who are either new to campus or returning to campus after a semester or more. Plaintiff has not shown that the proposed class complies with the requirements of Fed. R. Civ. Pro. 23, thus the class should not be certified.

### A) Numerosity

Defendants dispute that the class has any numerosity at all, as far as the actual likelihood of many more plaintiffs suing. Plaintiffs must present a reasonable estimate of the number of potential plaintiffs. *Women's Health Center of West County, Inc. v. Webster*, 670 F.Supp. 845, 852 (E.D.Mo.1987). They have failed to do so. The number "1100" that Plaintiffs cite (Doc. #7 at 5) is the *total* number of students or FTEs at the college, not the number of new students and those returning after a semester or more. *All* affected students have the option of petitioning for release from the program. Some are on judicial probation and are subject to drug testing on that basis. Some are in programs of study that already require drug testing that is not being challenged. No complaints have been made to the College in the year since the drug screening program was first

2

disclosed to students. Many of the students support the drug screening program and the added safety it provides and may want it to remain in place. At least one of the ACLU attorneys spent a day on campus trying to recruit Plaintiffs after numerous others had tried for several days without success. Given all these variables, there is no real indication of how many more potential plaintiffs actually exist, if any.

**B) Commonality**

Until more is known about each of the proposed class representatives it is impossible for the Court to make an informed determination on whether commonality exists. Defendants suggest, however, that many students at Linn State would dispute that they have anything in common with Plaintiff John Doe who seems to be saying in this Motion to Proceed Under a Pseudonym that he needs to have his identity hidden from the public because he intends to engage in illegal activity.

**C) Typicality**

Defendants dispute that the named Plaintiffs' claims are typical of the entire proposed class. As discussed above, many of the students are in programs, internships or practicums that require drug testing as a condition of training on the premisis of that workplace. The vast majority are in programs that involve working with dangerous instrumentalities. Many may actually be upset if the drug screening program is discontinued.

**D) Adequacy of Representation**

Although Defendants do not dispute that the named ACLU attorneys in this case have experience in their field, Plaintiffs' attorneys do not have Plaintiffs' best interests in mind, and will not fairly and adequately represent them. First, Plaintiffs' attorneys have a

3

conflict of interest with an unknown number of students at LSTC who support the drug screening program. Second, they may have a conflict with the current Plaintiffs. The ACLU is not interested in working with the college or the students in a reasonable manner. Its only goal is to win a suit in federal court, no matter what the cost is to the flesh-and-blood Plaintiffs, to stop *any* form of drug testing of incoming students at LSTC. Until this suit was filed, no student, parent, or person associated with LSTC had objected to the drug screening program, even though the information had been disseminated to potential and current students since fall of 2010 that the program would start in 2011. Before the program began, the ACLU sent LSTC a letter threatening suit. LSTC and its attorney offered in teleconferences, before testing began, to work with the ACLU and other interested groups to attempt to shape the program's procedures to everyone's satisfaction. Attorneys for two other groups challenging the policy met with LSTC in person or by phone. The ACLU, which received a draft copy of the procedures a week before testing began, flatly refused. The ACLU representatives waited until after testing had already begun before finding plaintiffs. The named Plaintiffs could have petitioned the College to be released from the drug screening, and the ACLU attorneys were aware of that, but instead of being advised to work with the College and follow all available procedures first, they have been advised to file a federal lawsuit. A rush to federal court without consideration of other options is not in any client's best interests.

### E. Rule 23(b) Requirements

Plaintiffs have claimed to satisfy Rule 23(b)(2). The requirement that the proposed class fit one of the types of class in Rule 23(b) is not satisfied. The Defendants have not "acted or refused to act on grounds that apply generally to the class...." Fed. R.

Civ. P. 23(b)(2). The policy does not "require them to act in the same way towards each member of the proposed class." (Doc. #7, at 9). The drug screening procedures contain an option to petition for release from testing, and options to stay any adverse action upon the results. Defendants have not refused any student the opportunity to petition, have not taken any adverse academic action towards any student, and have not acted illegally towards any person. Had any student made a successful petition, he or she would not have been required to submit to the test. No student has made any petition at all. Plaintiffs are presuming Defendants will act unconstitutionally before they even get a chance to put their procedures into action. As Defendants do have procedures in place that bring individual considerations into play, class certification is inappropriate under Rule 23(b)(2).

In sum, because Plaintiffs cannot satisfy the numerosity, typicality, or adequacy requirements of Rule 23(a), and do not fall into any category listed in 23(b), class certification should be denied.

WHEREFORE, Defendants pray that the Court hear evidence and oral argument on the Motion and that, after hearing the evidence and arguments of the Parties, Plaintiffs' Motion for Class Certification be denied and for such other and further relief as is appropriate.

5

Respectfully Submitted,

Kent L. Brown   #38992MO
621 E. McCarty Street, Suite A
Jefferson City, MO 65101
Telephone (573) 635-4971
Facsimile (866) 434-5576

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day of October, 2011, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of filing to the following:

Anthony E. Rothert
Grant R. Doty
ACLU Eastern Missouri
454 Whittier Street
St. Louis, MO 63108
Ph  (314) 652-3114
Fax (314) 652-3112

Jason D. Williamson
ACLU Foundation
125 Broad Street, 18th Floor
New York, New York 10004
Ph  (212) 284-7340
Fax (212) 549-2654



Kent L. Brown

6