UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION


Michael Barrett, IV, et al.,     )
       )
       Plaintiffs,     )
       )
    v.     )     2:11-cv-04242-NKL
       )
Donald M. Claycomb, et al.,     )
       )
       Defendants.     )

**REPLY SUGGESTIONS IN SUPPORT OF**
**MOTION FOR CLASS CERTIFICATION**

### I.      Background

The Named Plaintiffs are students at Linn State Technical College subject to the

College's new policy of mandatory, suspicionless drug testing of students. This case

seeks prospective relief under 42 U.S.C. § 1983, including a declaration that the policy is

unconstitutional and an injunction. The basis for their claim is that government-

compelled collection and testing of college students' urine for the presence of drugs

impermissibly intrudes upon the students' reasonable expectations of privacy in violation

of the Fourth Amendment to the United States Constitution, and that the College has

failed to demonstrate a "special need" justifying such constitutional violations. In their

motion, Named Plaintiffs seek certification of a Class to include current and future

students of Linn State Technical College who are, or will be, subject to the College's new

policy of mandatory drug testing under threat of expulsion.

In their suggestions in support, Plaintiffs explained how this case satisfies the

requirements of Fed. R. Civ. P. 23(a) and (b)(2). Defendants oppose the motion for

1

reasons that lack merit.[1]

## II.    Argument

Defendants commence their opposition to class certification by claiming

Plaintiffs' motion is too early.   The Rules provide for an early determination: "At an

early practicable time after a person sues or is sued as a class representative, the court

must determine by order whether to certify the action as a class action." Fed. R. Civ. P.

23(c)(1)(A).  As discussed below, Defendants fail to show conceivable reasons why a

class should not be certified.  In the unlikely event that Defendants identify such reasons

in the future, the issue can be re-visited.  The Eighth Circuit has recognized that "a

court's inquiry on a motion for class certification is 'tentative,' 'preliminary,' and

'limited.'" *In re Zurn Pex Plumbing Prod. Liability Litigation,* 644 F.3d 604, 613 (8th

Cir.2011) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 469 n. 11 (1978)).  "An

order that grants or denies class certification may be altered or amended before final

judgment." Fed. R. Civ. P. 23(c)(1)(C).

### A.  The Proposed Class Satisfies All Rule 23(a) Requirements

Rule 23(a) of the Federal Rules of Civil Procedure establishes four criteria that

must be satisfied in order for any case to be appropriately deemed a class action:

> (1) numerosity (a "class [so large] that joinder of all members is
> impracticable"); (2) commonality ("questions of law or fact
> common to the class"); (3) typicality (named parties' claims or
> defenses "are typical . . . of the class"); and (4) adequacy of
> representation (representatives "will fairly and adequately protect
> the interests of the class").

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997).

---

[1] The factual assertions in Defendants' Suggestions are not supported by the record.  In addition,
many of them are untrue.  In this Reply, Plaintiffs respond only to those allegations that have
relevance to the motion; however, the failure to address Defendants' more extravagant claims
should not be interpreted as a concession that they are true.

2

## 1. Numerosity

The numerosity requirement is satisfied if the proposed class would be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The proposed Class consists of current and future students of Linn State Technical College who are either new to campus or returning to campus after a semester or more away. Defendants do not dispute that the Class that Plaintiffs propose satisfies the numerosity requirement.[2] Instead, they argue that a different class, one consisting only of students who would independently sue to challenge the policy, does not meet the requirement.

It is clear that joining each of the putative plaintiffs individually and trying separate suits for each would be wasteful, duplicative, and time consuming. This is an important factor to consider when evaluating numerosity. *See Bradford v. AGCO Corp.*, 187 F.R.D. 600, 604 (W.D. Mo. 1999)(citing *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 559 (8th Cir. 1982)). If each putative plaintiff's claims were tried individually, much of the evidence and many of the witnesses would be the same in each case, constituting a waste of judicial resources. In addition, joinder of future members of the proposed Class, whose identities cannot be ascertained now, is impossible. *See Caroline C. By & Through Carter v. Johnson*, 174 F.R.D. 452, 463 (D. Neb. 1996)("Since there is no way now of determining how many of these future plaintiffs there may be, their joinder is impracticable" (internal quotations omitted)). Joinder of every putative plaintiff in this case is impracticable, and the numerosity requirement is therefore satisfied.

---

[2] Although Defendants have not advised this Court of the actual number of current members of the proposed class, their attorney told *The New York Times* that the number of persons subject to the policy this semester is "[a]bout 540. It was all of the incoming freshmen and any student who had not been involved for a semester." Timothy Williams, *At One College, a Fight Over Required Drug Tests*, N.Y. TIMES, Oct. 10, 2011, http://www.nytimes.com/2011/10/11/us/at-linn-state-technical-a-fight-over-required-drug-tests.html?ref=us. (Ex. 1.)

### 2. Commonality

Defendants appear to suggest that Rule 23(a)(2)'s commonality requirement is absent because some putative plaintiffs might think they do not have enough in common with the Named Plaintiffs. Rule 23(a)(2) does not, however, require homogenous Plaintiffs. It requires only questions of law or fact common to the class. The mere presence of factual differences, assuming there were any, will not defeat the maintenance of a class action if there are common questions of law uniting the class members' claims. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995); *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980).

Each member of the proposed Class has in common that he or she is (or will be) subject to the College's new policy of mandatory, suspicionless drug testing of students. The predominant legal questions in this matter, including whether the drug test constitutes a search, whether students have a reasonable expectation of privacy implicated by the drug test, and whether the College is able to demonstrate a special need sufficient to overcome students' expectation of privacy, are all questions common to members of the proposed Class. Tangential factual questions about the reasons any one class member objects to drug testing, or even the question of whether a particular putative plaintiff would consent to drug testing if the program was voluntary, are not relevant to the basic question raised by Plaintiffs' constitutional claim: whether the mandatory drug testing program for new students is an unreasonable search under the circumstances. Commonality "does not require that every question of law or fact be common to every member of the class . . . and may be satisfied, for example, where the question of law

4

linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton*, 688 F.2d at 561 (quotation omitted).

Commonality requires that "the harm complained of be common to the [members of the] class[.]" *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988) (emphasis omitted). Here, the harm complained of is the illegal search mandated by a policy to which each member of the proposed Class is subject. The commonality between the Named Plaintiffs and putative class members arises from the fact that they are all subject to the same policy that authorizes Defendants to require them to submit to a drug test upon threat of expulsion if they refuse.

### 3. Typicality

The typicality requirement is satisfied if the class representative's claims "'arise[ ] from the same event or course of conduct as the class claims, and give[] rise to the same legal or remedial theory." *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 2009 WL 4782082, at *6 (E.D. Mo. Dec. 8, 2009) (quoting *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996)). The challenged policy is uniformly imposed upon each member of the proposed class. Plaintiffs' primary legal claims—i.e. that the College's drug-testing policy constitutes a search that invades objective reasonable expectations of privacy without a special need—are the same for each member of the class. Named Plaintiffs and the class members may be said to have a similar grievance if they have been subjected to the same allegedly unlawful treatment. *Rentschler v. Carnahan*, 160 F.R.D. 114, 116 (E.D. Mo. 1995) (typicality requirement satisfied where the Named Plaintiffs and the putative class members were subjected to the same policies and their

claims were "all based on the same legal theories, the same arguments of unconstitutionality").

Each member of the proposed class is subject to the same challenged drug-testing policy. The policy is challenged here as to each class member based upon the same legal theories and same arguments of unconstitutionality.

### 4. Adequacy

Defendants do not dispute that Plaintiffs' attorneys are qualified, experienced, and generally able to conduct the proposed litigation. Instead, Defendants theorize that Plaintiffs' counsel will not provide fair and adequate representation because counsel's goal is to prevent Defendants from imposing mandatory drug testing upon all new students at the College. In other words, Defendants think the aim of Plaintiffs' counsel is to win this case and enjoin Defendants' new and unprecedented drug-testing policy. Defendants are correct to conclude that Plaintiffs and their counsel believe the challenged drug testing program is unconstitutional and will vigorously pursue a judicial determination to that end. This does not suggest inadequacy.

Nor are Plaintiffs or their attorneys inadequate simply because some putative class members might be in favor of the testing program or, more likely, might not realize that their constitutional rights are being violated.[3] "Plaintiffs seeking to represent a class need not show that all class members agree with them." *Hedge v. Lyng*, 689 F.Supp. 884,

---

[3] It would not be surprising if young students at a small school felt obliged to conform to the expectations of the College's Board of Regents and most of its faculty and staff by going along with the policy. It is wrong to presume, as Defendants do, that submitting a urine sample under the circumstances of this case, is a voluntary, free, and unconstrained choice, rather than the result of duress, implicit or explicit coercion, or implied or express threat. This is especially true because the only pre-search answer students were given to the question "Can students refuse to participate in the drug screening program?" was "Failure to participate in the drug screening program will result in a student initiated withdrawal or administrative withdrawal from LSTC." Ex. 2-A, 2-B.

6

890 (D. Minn. 1987). That some members of the putative class might be willing, at some point, to make a knowing waiver of their constitutional right to be free from the College's mandatory drug-testing program has no bearing on the question raised in this litigation: whether Defendants are permitted under the Constitution to require them to submit to a drug test upon threat of expulsion if they refuse. Indeed, even class members who would ultimately choose to waive their Fourth Amendment rights would benefit from knowing that they are, in fact, waiving a constitutional right.

### B. The Proposed Class Satisfies All Rule 23(b) Requirements

The requirements of Rule 23(b)(2) are satisfied. Defendants have required each current Plaintiff and current member of the putative class to produce a urine sample under threat of expulsion. This case alleges that act is unconstitutional. The policy is the same as to each member of the putative class.

### III. Conclusion

For the foregoing reasons, as well as those in Plaintiffs' Suggestion in Support, Plaintiffs respectfully request that this Court grant their motion for class certification.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES UNION
    OF EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@aclu-em.org

7

JASON D. WILLIAMSON[4]
AMERICAN CIVIL LIBERTIES
        UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 284-7340
FAX: (212) 549-2654
jwilliamson@aclu.org


ATTORNEYS FOR PLAINTIFF

---

[4] Admitted pro hac vice.

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by operation of the Court CM/ECF system upon counsel for each of the Defendants on October 12, 2011.



/s/ Anthony E. Rothert

Case 2:11-cv-04242-NKL   Document 53   Filed 10/12/11   Page 9 of 9