# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BARRETT, IV, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 11-cv-04242-NKL |
| | ) |
| DONALD CLAYCOMB, et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is the Motion to certify class [Doc. # 6] filed by Plaintiffs as putative class representatives. For the following reasons, the Court grants the motion.

**I.    Background**

Plaintiffs Michael Barrett, IV, and others, are students at Linn State Technical College who brought this action against Donald Claycomb–in his official capacity as President of the Board of Regents at Linn State Technical College ("Linn Tech")–and others, claiming that Linn Tech's new policy of subjecting all of its students to suspicionless drug testing violates the students' Fourth Amendment right to be free from unreasonable searches by the government.

The policy adopted by Linn Tech's Board required all new students seeking a degree or certificate, as well as any students returning to Linn Tech after absence of a semester or more, to submit to a mandatory drug test by urinalysis. All students tested under the policy

had to pay fifty dollars to cover the cost of testing. Students wishing to be exempted from testing could petition the President before testing and provide reasons why they should not be tested.

Barrett now moves for certification of the following class: "current, and future, students of Linn State Technical College who are, or will be, seeking degrees or certificates at the main campus of the College in Linn, Missouri, or any other Linn State Technical College location." [Doc. # 28 at 4].

## II. Discussion

A motion for class certification involves a two-part analysis. First, the movant must demonstrate that the proposed class satisfies the requirements of Rule 23(a):

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class,
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Second, Barrett must demonstrate that the proposed class fits into one of the three categories identified in Rule 23(b).

Barrett bears the burden of showing that the Rule 23 requirements are met and that the class should be certified. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). To determine whether class certification is appropriate, the Court must conduct a limited preliminary inquiry, looking behind the pleadings. *Blades v. Monsanto Co.*, 400 F.3d 562, 567 (8th Cir. 2005). "In conducting this preliminary inquiry, however, the Court must look

only so far as to determine whether, given the factual setting of the case, if the plaintiffs['] general allegations are true, common evidence could suffice to make out a prima facie case for the class." *Id.* at 566. In considering class certification motions, the Court liberally construes Rule 23(a) and does not resolve the merits of the dispute. *See Gunnells v. Healthplan Services, Inc.*, 348 F.3d 417, 424 (4th Cir. 2003).

## A. Federal Rule of Civil Procedure 23(a)

### 1. Numerosity

To address the numerosity requirement, the Court should examine the number of persons in a proposed class, the nature of the action, the size of the individual claims and the inconvenience of trying individual claims, as well as other factors. *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 561 (8th Cir. 1982).

The proposed class could include over 1,100 current students at Linn Tech, as well as an unknown number of future students. Claycomb argues that this number is inaccurate because many students might actually support the policy and refuse to join the lawsuit. Claycomb points out that no student has complained about the policy to the school and that Barrett's attorneys had difficulty finding students on the Linn Tech campus to join the lawsuit as named Plaintiffs. But the Court need not engage in such speculation at this early stage of the lawsuit. Currently, there are four students willing to challenge Linn Tech's policy as named Plaintiffs. Now that a lawsuit is pending that will decide the Fourth Amendment rights of each member in the proposed class, these students are more likely to, and certainly have the right to, join the lawsuit. Claycomb also argues that the number of

3

students involved in this action might further be reduced because some students are already tested under preexisting policies not being challenged by Barrett, or because some students might successfully petition to be exempted from testing. Despite these arguments, given the large initial number of potential plaintiffs, and because of the fluid nature of this class (the litigation is about to pass into a new semester and will thus affect different students), it would be impracticable to require individual lawsuits.

### 2. Commonality

The commonality requirement of Rule 23(a)(2) is satisfied when the legal question "linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." *Paxton*, 688 F.2d at 561 (citation omitted). To determine whether common questions of law or fact predominate, a court must conduct a limited preliminary inquiry, looking behind the pleadings. *Blades*, 400 F.3d at 567.

Under Barrett's claims, it appears each class member is identically situated in that the challenged drug testing policy applies in the same way to each of them and thus implicates each of their Fourth Amendment rights in the same way. Claycomb's only argument to the contrary is that one named Plaintiff–John Doe–has asserted that he wishes to engage in illegal activity, which distinguished him from the class in general. But the use of illegal drugs is for the criminal justice system to judge, not a suit aimed at preventing the State from violating the Fourth Amendment. Thus, the Court finds no merit in this argument.

### 3. Typicality

4

The third requirement of Rule 23(a)(3) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). Typicality means that there are "other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is "easily met so long as other class members have claims similar to the named plaintiff." *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995).

As discussed above, the named Plaintiffs and proposed class members appear to be identically situated under the claims alleged in Barrett's amended complaint. Claycomb's argument that some students are already being tested by their private employers is irrelevant–those students still have the same Fourth Amendment right not to be unreasonably searched by Linn Tech, which is a state actor.

Claycomb's argument that most students work with dangerous machinery is also not persuasive. Because the Fourth Amendment requires a balancing test, it is possible that it will apply differently based on the danger of different courses offered by Linn Tech. *See Bd. of Educ. of Indep. Sch. Dist. No. 92 of Pottawatomie Cnty v. Earls*, 536 U.S. 822, 829-30 (2002). To the extent that these differences render class litigation unmanageable, the Court can later create subclasses. Further, to sort out at this stage the legal significance of varying degrees of safety at the College, would require resolution of the merits which is not properly done at the class certification stage.

Finally, Claycomb's argument that "[m]any [students] may actually be upset if the drug screening program is discontinued," [Doc. # 49 at 3] is not persuasive. Such students

5

Case 2:11-cv-04242-NKL   Document 94   Filed 11/15/11   Page 5 of 8

can execute written permission for suspicionless searches, but there is no evidence that this has been done. Absent such a waiver, the students who prefer to waive their Fourth Amendment rights are in the same legal position as students who oppose the policy. Claycomb's argument also does not account for future students who may not have made up their mind on the issue one way or another, or students who currently favor the policy but may later change their minds.

### 4. Adequacy

The final requirement of Rule 23(a) is that the class representative and class counsel must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a) (4). The purpose of the adequacy requirement is to ensure that there are no potential "conflicts of interest between the named parties and the class they seek to represent." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 625 (1997).

Claycomb argues that Barrett's attorneys are inadequate because the policy objectives of the Plaintiff's attorneys in trying to stop any form of drug screening might conflict with the position of students who support the current drug testing policy, or who would support some compromise in policy that the Plaintiff's attorney would reject. First, it is ultimately the Plaintiffs that control settlement and prosecution of the lawsuit, not their attorneys. Second, the only relevant question here is whether the Plaintiff's and Plaintiffs' attorneys will adequately represent the class to resolve the question of whether suspicionless drug testing violates the Fourth Amendment. The request to stop drug screening is only related to that question - not whether drug testing should or should not be done as a matter of policy.

6

Case 2:11-cv-04242-NKL   Document 94   Filed 11/15/11   Page 6 of 8

Since there is no evidence that the Plaintiff and Plaintiffs' attorneys will not faithfully represent the class on the issue actually pending, the Court concludes that the class representation prong of Rule 23 has been satisfied.

Because class actions of this nature are specifically intended to address questions that affect a group as whole and to insure there is consistency in the application of the law, it would be contrary to the purpose of class actions to deny certification because some members might not want to litigate the issue in dispute. Indeed, the Defendants as well as the class benefit from having the issue resolved for everyone, so that piecemeal litigation for and against the policy is avoided. Students at any time can express their individual support for the policy or can execute waivers of any Fourth Amendment rights they have. However, they do not have the right to prevent the matter being resolved as a class action.

**B.      Federal Rule of Civil Procedure 23(b)**

In addition to meeting the requirements of Rule 23(a), a case must meet the requirements of one of the subsections of Rule 23(b) in order to proceed as a class action.

Barrett asks the Court to certify the proposed class under Rule 23(b)(2). That Rule allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23 (b)(2). "Because one purpose of Rule 23(b)(2) was to enable plaintiffs to bring lawsuits vindicating civil rights, the rule must be read liberally in the context of civil rights suits." *Coley v. Clinton*, 635 F.2d 1364, 1378 (8th Cir. 1980) (internal quotes omitted).

7

Barrett's claim meets the requirements for certification under Rule 23(b)(2). Barrett has alleged that Linn Tech instituted a policy that violates the Fourth Amendment rights of each proposed class member in the exact same way. The fact that Linn Tech has a system to petition for exemption from the drug screening or to appeal unfavorable results, does not mean that its policy does not affect all students in the same way. Each must be drug tested and each has the right to petition to be excused. Claycomb's argument to the contrary, also ignores that the legal significance of its petition and appeal programs is a disputed legal issue, the resolution of which bears on the Fourth Amendment rights of each proposed class member. Thus, Linn Tech's system of petitions and appeals is itself another action that applies generally to the class.

### III. Conclusion

Accordingly, it is hereby ORDERED that the Motion to certify class [Doc. # 6] filed by Plaintiffs as putative class representatives is GRANTED.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: November 15, 2011  
Jefferson City, Missouri