IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BARRETT, IV, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 11-cv-04242-NKL |
| ) | |
| DONALD CLAYCOMB, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**ORDER**

The Court held a hearing on October 25, 2011, on Plaintiffs' Motion for Preliminary Injunction [Doc. # 4]. The Court sought agreement by the parties to resolve the Motion for Permanent Injunction at the same time it resolved the Preliminary Injunction motion. There was no agreement because Defendants asked for more time to develop the factual record. Therefore, the Court has been placed in the position of resolving the Motion for Preliminary Injunction on an incomplete record. Within that limitation, the Court now finds that a preliminary injunction should issue until a full factual record can be developed.

First, Plaintiffs will suffer irreparable harm if their urine is tested and the results given to Defendants before Plaintiffs' constitutional claims are resolved. Otherwise, Plaintiffs' only remedy, if they are successful, will be damages and damages cannot adequately address the Plaintiffs' loss of a constitutional right under these circumstances.

Further, the risk of damages is not in Defendants' interest during difficult economic times. Second, Defendants will not suffer harm if the status quo is maintained. Linn State Technical College has operated successfully and safely since the 1960s without drug or alcohol testing. No drug related injury has ever been identified at the College. Therefore, the balance of equities favor the status quo until resolution on a full record.

The Court must also consider the merits of the Plaintiffs' case to determine whether a preliminary injunction should issue. A party seeking a preliminary injunction regarding the implementation of a "duly enacted state statute" must demonstrate that they are "likely to prevail" on the merits, because "governmental policies implemented through legislation or regulations developed through presumptively reasoned democratic process are entitled to a higher degree of deference and should not be enjoined lightly." *Planned Parenthood v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008). (citation omitted). Defendants argue that because they "are the President and members of a decision-making body of a state entity, whose regulations have the force of state statute" the "likely to prevail" standard should control here. [Doc. # 50 at 3]. However, Defendants cite no authority for the proposition that their actions have the force of state statute and cite no case applying the more rigorous "likely to prevail" standard to circumstances analogous to their insular, non-democratic decision-making process.

The Eighth Circuit explained that "[w]here preliminary injunctions are sought to enjoin city ordinances or administrative actions by federal, state or local government agencies" the test that the Eighth Circuit has adopted from the Second Circuit "examine[s] the circumstances surrounding such government actions to determine to what

extent the challenged action represents the full play of the democratic process." *Planned Parenthood v. Rounds*, 530 F.3d 724, 733, n.6 (8th Cir. 2008) (internal quotes omitted). The case that the Eight Circuit cited for this proposition discussed how courts within the Second Circuit had applied the "fair chance" standard to a policy "formulated solely by the executive branch" and a method adopted by an agency "altogether outside a regulatory framework," but applied the "likely to prevail" standard to a policy in which "Congress and the President engaged in lengthy public debate before formulating...enacting and signing the legislation implementing it." *Able v. U.S.*, 44 F.3d 128, 131-32 (2d Cir. 1995). The Court finds the drug-testing policy adopted by the Defendants more analogous to the first two cases discussed in *Able* than to the third case, and thus finds that Plaintiffs need only show a fair chance of success. However, under either standard, the Court would grant the Motion for Preliminary Injunction.

The Court finds that there is a fair/likely chance that Defendants' drug testing program will fail Fourth Amendment scrutiny because it is over broad. Many students who have been tested are not involved with heavy equipment and hazardous working conditions at the college. Therefore, it is unlikely that Defendants have any special need to test those students. Thus, there is a fair/likely chance that the Defendants' drug testing program will be found to be systemically over broad as currently conceived.

The Defendants' argument that they have corrected this over breadth concern by allowing students to petition the President to be excused from testing for undefined reasons or to appeal the results is not persuasive. Defendants have pointed to no authority that allows a state actor to impose a search on a broad population - unreasonable

as to some members– and rely on those members to "opt in" to their Fourth Amendment rights. Absent some authority for this significant departure from the norm, the Court cannot say at this time that the Defendants will succeed on this defense.

Accordingly, it is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED, subject to the same bond previously filed in response to the Motion for Temporary Restraining Order.

s/ NANETTE K. LAUGHREY
NANETTE K. LAUGHREY
United States District Judge

Dated:   November 18, 2011
Jefferson City, Missouri