UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| Michael Barrett, III, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:11-cv-04242-NKL |
| | ) | |
| Donald M. Claycomb, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

Come now Plaintiffs, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and for reasons set forth in this Motion and the accompanying Suggestions in Support, move this Court for entry of a temporary restraining order prohibiting Defendants and their agents from conducting any further testing or processing of the urine specimens collected in September 2011 pursuant to the challenged drug-testing policy.

Entry of a temporary restraining order is appropriate in this case because Plaintiffs are likely to succeed on the merits of their claim that the September 2011 application of the challenged drug-testing policy was unconstitutional; there is a real threat of irreparable harm absent an injunction; no harm will be inflicted upon Defendants should a temporary restraining order issue; and the issuance of a temporary restraining order is in the public interest.

A temporary restraining order is necessary because the conduct Plaintiffs seek to enjoin was previously enjoined by this Court; however, on or about February 18, 2013, the Eighth Circuit will issue its mandate that the preliminary injunction be vacated because the injunction was, in the Court's view, overly broad as the Court construed it. While the Court believed that Plaintiffs could not show that mandatory, suspicionless drug-testing would always be

1

unconstitutional as to all students, including future students, at Linn State Technical College, the

Court also acknowledged that the policy could have unconstitutional applications.  A TRO is

necessary to afford this Court the opportunity to determine whether Plaintiffs are likely to prevail

on the merits by showing that the September 2011 application of the drug-testing policy was, in

whole or in part, unconstitutional.

The bond previously posted should be continued.

Accordingly, Plaintiffs request this Court:

A.      Issue a temporary restraining order prohibiting Defendants, their successors,

officers, agents, servants, employees, attorneys, and all persons acting in concert

with them, or in connection with them, from conducting any further testing or

processing of the urine specimens collected in September 2011 pursuant to the

challenged drug-testing policy until further order of this Court;  and

B.      Allow Plaintiffs such other and further relief as is just and proper under the

circumstances.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES UNION
        OF EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112

2

JASON D. WILLIAMSON
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 284-7340
FAX: (212) 549-2654
jwilliamson@aclu.org

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by operation of the Court CM/ECF system upon counsel for each of the Defendants on February 12, 2013.

/s/ Anthony E. Rothert