UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

Michael Barrett, III, et al.,                    )
                                                 )
                              Plaintiffs,         )
                                                 )
              v.                                 )          2:11-cv-04242-NKL
                                                 )
Donald M. Claycomb, et al.;                      )
                                                 )
                              Defendants.         )

**MOTION FOR PRELIMINARY INJUNCTION**

Come now Plaintiffs, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and for

reasons set forth in this Motion and the accompanying Suggestions in Support, move this Court

for entry of a preliminary injunction prohibiting Defendants and their agents from conducting

any further testing or processing of the urine specimens collected in September 2011 pursuant to

the challenged drug-testing policy until this case is resolved on the merits.

Entry of a preliminary injunction is appropriate in this case because Plaintiffs are likely to

succeed on the merits of their claim that the September 2011 application of the challenged drug-

testing policy was unconstitutional; there is a real threat of irreparable harm absent an injunction;

no harm will be inflicted upon Defendants should a preliminary injunction issue; and the

issuance of a preliminary injunction is in the public interest.

A preliminary injunction is necessary because the conduct Plaintiffs seek to enjoin was

previously enjoined by this Court; however, on or about February 18, 2013, the Eighth Circuit

will issue its mandate that the preliminary injunction be vacated because the injunction was, in

the Court's view, overly broad as the Court construed it.  While the Court believed that Plaintiffs

could not show that mandatory, suspicionless drug-testing would always be unconstitutional as to

Case 2:11-cv-04242-NKL   Document 139   Filed 02/12/13   Page 1 of 4

all students, including future students, at Linn State Technical College, the Court also acknowledged that the policy could have unconstitutional applications. A preliminary injunction is necessary to prevent further processing and testing of the specimens collected in September 2011 until this Court can determine on the merits where the September 2011 application of the drug-testing policy was, in whole or in part, unconstitutional.

The bond previously posted should be continued.

Accordingly, Plaintiffs request this Court:

A.    Issue a preliminary injunction prohibiting Defendants, their successors, officers, agents, servants, employees, attorneys, and all persons acting in concert with them, or in connection with them, from conducting any further testing or processing of the urine specimens collected in September 2011 pursuant to the challenged drug-testing policy until this case is resolved on the merits; and

B.    Allow Plaintiffs such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827MO
GRANT R. DOTY, #60788MO
AMERICAN CIVIL LIBERTIES UNION
       OF EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112

2

JASON D. WILLIAMSON
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 284-7340
FAX: (212) 549-2654
jwilliamson@aclu.org

ATTORNEYS FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served by operation of the Court CM/ECF system upon counsel for each of the Defendants on February 12, 2013.

<u>/s/ Anthony E. Rothert</u>

4