| | |
|---|---|
| Michael Barrett, IV; Branden Kittle-Aikeley; Jacob Curliss; and John Doe, individually and on behalf of others similarly situated; | ) ) ) ) |
| Plaintiffs, | ) ) ) No. 2:11-cv-4242-NKL |
| v. | ) ) |
| Donald M. Claycomb, in his official capacity as President of the Linn State Technical College; | ) **SECOND AMENDED COMPLAINT** ) ) ) |
| Toni R. Schwartz, in her official capacity as member of the Linn State Technical College Board of Regents; | ) ) ) ) |
| John Klebba, in his official capacity as member of the Linn State Technical College Board of Regents; | ) ) ) ) |
| Diane Benetz, in her official capacity as member of the Linn State Technical College Board of Regents; | ) ) ) ) |
| Mark J. Collom, in his official capacity as member of the Linn State Technical College Board of Regents; | ) ) ) ) |
| Kenneth L. Miller, in his official capacity as member of the Linn State Technical College Board of Regents; | ) ) ) ) |
| Erick V. Kern, in his official capacity as member of the Linn State Technical College Board of Regents; and | ) ) ) ) |
| J. Scott Christianson, in his official capacity as member of the Linn State Technical College Board of Regents; | ) ) ) ) ) |
| Defendants. | ) |

1

## INTRODUCTION

1. Linn State Technical College ("Linn State" or "College") is the first public college in the country to require its students, who are 18 years old or above, to submit to mandatory drug testing as a condition of their continued enrollment, despite the fact that the College has had no documented drug problems over the course of its 50-year history and no reason to suspect that the students subject to testing have been engaged in the use or abuse of illegal drugs.

2. Linn State is a two-year, publicly funded college established by Missouri statute and governed by a Board of Regents appointed by the Governor.

3. The mandatory, suspicionless drug testing required under the College's new policy is a search within the meaning of the Fourth Amendment. Ordinarily, the Fourth Amendment prohibits such searches, with some exceptions, none of which are applicable here. Moreover, the College can demonstrate no legitimate special need for drug testing its students that is sufficient to outweigh the students' individual privacy expectations against the state.

4. The implementation of this unconstitutional drug-testing program began in September 2011, and Plaintiffs, along with other members of the Class, will be irreparably harmed if they are forced to surrender their Fourth and Fourteenth Amendment rights by submitting to a search by the government, or by refusing to consent to such a search and thereby causing their removal from the College.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 USC §§ 1331, 1343, 2201 and 42 USC § 1983.

6. Venue is proper in this Court pursuant to 28 USC § 1391(b) and L.R. 3.1(A)(2). The actions giving rise to this case are occurring in Osage County, Missouri.

## PARTIES

7. Plaintiff Michael Barrett, IV, enrolled for the Fall 2011 semester in the Electronics Engineering Technology Program as a newly classified degree-seeking student at Linn State Technical College. He was required, as a condition of continued enrollment, to submit to a suspicionless drug test on or about September 13, 2011.

8. Plaintiff Jacob Curliss enrolled for the Fall 2011 semester in the Design Drafting Technology Program as a newly classified degree-seeking student at Linn State Technical College. He was required, as a condition of continued enrollment, to submit to a suspicionless drug test on or about September 7, 2011.

9. Plaintiff Branden Kittle-Aikeley enrolled for the Fall 2011 semester in the Heating, Ventilation, & Air Conditioning Technology Program as a newly classified degree-seeking student at Linn State Technical College. He was required, as a condition of continued enrollment, to submit to a suspicionless drug test on or about September 7, 2011.

10. Plaintiff John Doe enrolled for the Fall 2011 semester in the Design Drafting Technology Program as a newly classified degree-seeking student at Linn State Technical College. He was required, as a condition of continued enrollment, to submit to a suspicionless drug test on or about September 7, 2011.

11. Defendant Donald M. Claycomb is the President of Linn State Technical College. As President, Claycomb is responsible for creating and implementing policies for operation and supervision of the College. He is sued in his official capacity only.

12. Defendants Toni R. Schwartz, John Klebba, J. Scott Christianson, Diane Benetz, Mark J. Collom, Kenneth L. Miller, and Erick V. Kern are members of the Linn State Technical College Board of Regents, which is the governing board for Linn State Technical College. They are sued in their official capacities only.

## PLAINTIFF CLASS ALLEGATIONS

13. The Named Plaintiffs are members of a Class of current, and future, students of Linn State Technical College who are, or will be, seeking degrees or certificates at the main campus of the College in Linn, Missouri, or any other Linn State Technical College location that are subjected to the challenged drug-testing policy.

14. The total enrollment at the College exceeds 1,100 students; thus, the number of individuals in the Class of current, and future, students who are, or will be, seeking degrees or certificates at the College is so numerous that joinder of all members of the Class would be impracticable.

15. There are questions of law and fact that are common to the Class, including, but not limited to, the legal questions of whether Defendants' drug-testing policy impermissibly infringes the class members' Fourth and Fourteenth Amendment rights, and whether the government can show a "special need" sufficient to outweigh the Class members' individual privacy expectations against the state.

16. The claims of the Named Plaintiffs that the drug-testing policy developed by the College impermissibly infringes on their rights under the Fourth and Fourteenth Amendments are typical of the claims of the Class.

17. As students subjected to the College's new drug-testing policy, the Named Plaintiffs will fairly and adequately protect the interests of the Class.

18. Defendants' drug-testing policy requires Defendants to act on grounds generally applicable to the Class, thereby making it appropriate for this Court to grant injunctive relief, and any corresponding declaratory relief, to the Class as a whole.

## FACTS

19. The College has been offering academic programs since 1961.

20. The College was established by, and continues to operate under the authority of, Missouri statutes. *See* Mo. Rev. Stat. § 178.631, et seq.

21. The College was originally established with funding from the National Defense Education Act as a post-secondary residential technical institution.

22. The College's founding philosophy was to provide two-year vocational and technical programs to all students who wish to prepare themselves for employment.

23. The College is Missouri's only two-year public technical college with a statewide mission.

24. The College originated as Linn Technical Junior College, but in 1995, by passage of a statute, became a part of the public higher education system in Missouri.

25. The College now offers approximately academic programs in a wide range of fields, including Computer Programming, Design Drafting Technology, Automotive Technology, Physical Therapy, and Electronics Engineering Technology.

26. Because of its range of academic offerings, as well as the paucity of other public technical colleges in the geographic area, the College provides a unique opportunity for students in the surrounding communities, including other nearby states.

27. The College has a longstanding reputation for producing graduates with valued technical and interpersonal skills.

28. Never in the College's 50-year history has it instituted any kind of mandatory drug-testing program for all students, nor has the College ever identified drug use among its students as a significant problem.

29. Each of the Named Plaintiffs enrolled at the College for the Fall 2011 semester, which began on August 23, 2011.

30. In addition to their General Education courses, the Named Plaintiffs are seeking

5

degrees in several different program areas, including Electronics Engineering Technology, Design Drafting Technology, and Heating, Ventilation, & Air Conditioning Technology, none of which require the use of heavy machinery.

31. The College, under the direction of Defendants, adopted a drug-testing policy on June 17, 2011, that would require mandatory testing of all first-year degree- or certificate-seeking students at the College, as well as all degree- or certificate-seeking students returning to the College after one or more semesters of non-enrollment at the College's main campus or any other Linn State Technical College location.

32. The procedures for the new mandatory drug-testing policy were issued on or about September 6, 2011, just prior to the commencement of the Fall 2011 semester.

33. On or about September 7, 2011, Linn State officials began removing students from class in small groups in order to conduct the drug screening.

34. Drug testing is mandatory. Refusal to take a drug test will result in an administrative or student-initiated withdrawal from the College.

35. Students are charged a non-refundable $50 fee to participate in the mandatory drug test.

36. Students will be tested by the collection and analysis of their urine.

37. The analysis conducted on the students' urine will be an eleven-panel test to identify the following drugs: Cocaine, Amphetamines/Methamphetamines, Marijuana, Opiates, Phencyclidine, Benzodiazepines, Barbiturates, Methadone, Methaqualone, Propoxyphene, and Oxycodone.

38. Students whose drug test is positive will have approximately 45 days to retest, with a negative result, in order to avoid being involuntarily withdrawn from the College. They also will be placed on probation, and, depending on the drug detected, will be required to

6

complete either an online educational program at their own cost or to complete unidentified "appropriate activities."

39. Students who fail the second drug test will be involuntarily withdrawn from the College.

40. Students who pass the initial test will not be tested again without cause at any other point during their enrollment at the College, unless they withdraw from the College for more than one semester and subsequently re-enroll.

41. Students who are withdrawn because they test positive a second time will not be refunded for the costs for their classes if the withdrawal occurs after the normal refund period.

42. The College does not have any greater student drug use issue than other colleges.

43. There is no evidence of a current, nationwide epidemic of drug-use among college students.

44. According to the College's website, the reason for the drug-testing policy is as follows: "The mission of [the College] is to prepare students for profitable employment and a life of learning. Drug screening is becoming an increasingly important part of the world of work. It is also believed it will better provide a safe, healthy, and productive environment for everyone who learns and works at LSTC by detecting, preventing, and deterring drug use and abuse among students."

45. On August 15, 2011, the American Civil Liberties Union of Eastern Missouri wrote to Claycomb to "demand that [he] suspend the policy immediately and to put [the College] on notice that implementation of the policy will violate the clearly established constitutional rights of students."

46. The collection of urine specimens from students began on or about September 7, 2011.

7

47. Each Named Plaintiff was required to, and did, provide a urine specimen pursuant to the challenged policy.

48. Upon information and belief, each member of Class enrolled at the College in the Fall 2011 semester was required to provide, and has provided, a urine specimen pursuant to the challenged policy.

49. Upon information and belief, each member of the Class that will enroll at the College in the Fall 2013 semester will be required to provide a urine specimen pursuant to the challenged policy without regard to the member's course of study.

50. Upon information and belief, analysis of the urine specimens that have been collected to this point has been completed, but the results of the drug screenings have not yet been provide to Defendants.

51. In developing, approving, and implementing the College's drug-testing policy, Defendants act under color of state law.

## COUNT I

*The Drug-Testing Policy is Unconstitutional*
*Under the Fourth and Fourteenth Amendments*

52. The Named Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

53. The Named Plaintiffs have a reasonable expectation of privacy against the state in the chemical content of their urine.

54. Members of the Class have a reasonable expectation of privacy against the state in the chemical content of their urine.

55. The drug tests required by Defendants' policy constitute a search under the Fourth Amendment.

56. The policy requires the Named Plaintiffs and members of the Class to submit to a search without any individualized suspicion.

57. Defendants cannot show the presence of a special need for the drug-testing policy that is sufficient to outweigh the individual privacy expectations of some or all of the Named Plaintiffs and members of the Class.

58. The Named Plaintiffs and Members of the Class have been harmed by being required by Defendants to provide a specimen of their urine in violation of the Fourth Amendment.

WHEREFORE, the Plaintiff prays this Court grant the following relief pursuant to 42 U.S.C. § 1983:

> A. Certify a Class of current and future students of Linn State Technical College who are, or will be, seeking degrees or certificates at the College's main campus, or any Linn State Technical College location;
>
> B. Enter declaratory judgment finding Defendants' drug-testing policy unconstitutional on its face or as-applied;
>
> C. Issue a temporary restraining order, preliminary injunction, and permanent injunction to prevent the deprivation of the constitutional rights of the Named Plaintiffs and members the Class;
>
> D. Issue a permanent injunction prohibiting Defendants from imposing any fee for any unconstitutional drug tests and requiring Defendants to credit any fees already assessed for unconstitutional instances of mandatory drug-testing;
>
> E. Issue an injunction requiring Defendants to return or destroy all specimens collected unconstitutionally during the time in which the policy was not

enjoined;

F. Award Plaintiffs' costs, including reasonable attorneys' fees, pursuant to 42 U.S.C. §1988; and

G. Allow such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827
GRANT R. DOTY, #60788
AMERICAN CIVIL LIBERTIES UNION
    OF EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
tony@aclu-em.org
grant@aclu-em.org

JASON D. WILLIAMSON
AMERICAN CIVIL LIBERTIES
    UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 284-7340
FAX: (212) 549-2654
jwilliamson@aclu.org

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by operation of the Court CM/ECF system upon counsel for each of the Defendants on June 10, 2013.

/s/ Anthony E. Rothert